# UNITED STATES *v.* DAUGHERTY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 303. Argued December 1, 1925.—Decided January 4, 1926.

1. *Semble* that, in view of later decisions on cognate questions, the constitutionality of the Anti-Narcotic Act, sustained by a divided court in *United States* v. *Doremus,* 249 U. S. 86, is open to question. P. 362.

2. Assuming the validity of the Anti-Narcotic Act, which was not questioned in this case, an indictment charging in three counts the making of three completed, unauthorized sales of cocaine, to three different named persons, on three different, specified days, alleges three separate offenses. P. 363.

3. A sentence, under three counts of an indictment alleging three separate offenses, which adjudged the defendant guilty of "the crime aforesaid" and that he be confined in a penitentiary "for the term of five years on each of said three counts" and until he shall have been discharged by due course of law; "said term of imprisonment to run consecutively and not concurrently"—is to be construed as imposing total imprisonment of fifteen years, made up of three five year terms, one under each count, to be served consecutively in the same sequence as the counts appeared in the indictment. P. 363.

4. Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. *Id.*

C. C. A. 2 Fed. (2d) 691, reversed; Dist. Ct. affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals which affirmed but, by interpretation, reduced the scope of a sentence imposed by the District Court in a prosecution for violations of the Anti-Narcotic Act.

*Assistant to the Attorney General Donovan,* with whom *Solicitor General Mitchell* was on the brief, for the United States.

*Mr. Anthony P. Nugent,* for respondent.

Mr. Justice McReynolds delivered the opinion of the Court.

An indictment of three counts charged respondent with violating the Harrison Anti-Narcotic Act, c. 1, 38 Stat. 785, by making unauthorized sales of cocaine to three different persons on different days. Each count alleged a completed sale to the named individual on a specified day. The judgment below followed a plea of guilty—

" It is by the court considered and adjudged that said defendant is guilty of the crime aforesaid, and that as punishment therefor said defendant be confined in the United States Penitentiary situated at Leavenworth, Kansas, for the term of five (5) years on each of said three counts and until he shall have been discharged from said Penitentiary by due course of law. Said term of imprisonment to run consecutively and not concurrently."

He took the cause to the Circuit Court of Appeals for the Eighth Circuit and there maintained—

" 1. That the [trial] court erred in imposing a sentence of fifteen years upon defendant, James Daugherty; that the court exceeded its jurisdiction in imposing a sentence of fifteen years, which is ten years above the maximum penalty prescribed for a violation of the Harrison Anti-Narcotic Act as amended by Revenue Act of 1918, 40 Stat. 1130.

" 2. That each of the offenses charged, alleged and set forth in the indictment constitute a single continuous act inspired by the same intent, which is equally essential to each of the offenses charged in the three counts of said indictment, and the court erred and exceeded its jurisdiction in imposing a sentence of fifteen years upon defendant."

That court interpreted and affirmed the judgment.

It held that " the contention that each sale should be taken as resulting from one and the same criminal intent and therefore the three counts charge only one crime, is

not sound; because criminal intent is not an element of the crime, and because each count charges a different sale to a different person and on a different day, and if the sales were made as charged they constituted three separate offenses."

It further concluded that the sentence was for five years only and, in support of this view, said: " Where sentences are imposed on verdicts of guilty, or pleas of guilty, on several counts or on several indictments consolidated for trial, it is the rule that the sentences so imposed run concurrently, in the absence of specific and definite provision therein that they be made to run consecutively by specifying the order of sequence. If the order in which the terms of imprisonment for the different offenses is to be served, is not clearly designated, the terms are to be served concurrently, and the defendant cannot be held in further confinement under the sentence after the expiration of the longest term imposed. Cumulative sentences are permissible, and in some cases are appropriate, but when imposed on different counts or indictments there must be certainty in the order of sequence." Mr. Justice Bradley's opinion in *United States* v. *Patterson,* 29 Fed. 775, was cited and relied upon.

The cause is here by certiorari, granted upon petition of the United States, for whom counsel say: " The judgment of the Circuit Court of Appeals has resulted in an unwarranted alteration and misapplication of the original sentence imposed upon the defendant. The purpose of this proceeding is to restore the original judgment and sentence of the District Court, imposing three consecutive terms of five years each."

The constitutionality of the Anti-Narcotic Act, touching which this Court so sharply divided in *United States* v. *Doremus,* 249 U. S. 86, was not raised below and has not been again considered. The doctrine approved in *Hammer.* v. *Dagenhart,* 247 U. S. 251; *Child Labor Tax*

*Case,* 259 U. S. 20; *Hill* v. *Wallace,* 259 U. S. 44, 67; and *Linder* v. *United States,* 268 U. S. 5, may necessitate a review of that question if hereafter properly presented.

In denying the contention that the indictment charged but a single crime the court below was clearly right. Further discussion of that point would serve no good purpose. But, we think, it erred in holding that the sentence was for only five years.

Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded. Tested by this standard the judgment here questioned was sufficient to impose total imprisonment for fifteen years made up of three five-year terms, one under the first count, one under the second and one under the third, to be served consecutively and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry. The words, " said term of imprisonment to run consecutively and not concurrently," are not consistent with a five-year sentence.

*United States* v. *Patterson, supra,* grew out of a sentence under pleas of guilty to three separate *indictments.* A single judgment entry directed that the prisoner " be confined at hard labor in the State's prison of the State of New Jersey, for the term of five (5) years upon each of the three indictments above named, said terms not to run concurrently; and from and after the expiration of said terms until the costs of this prosecution shall have been paid." The question there was materially different from the one here presented which concerns *counts* in one indictment. We think the reasoning of that opinion is not applicable to the present situation. *Neely* v. *United States,* 2 Fed. (2d) 849, 852, 853, is more nearly in point.

This and similar unfortunate causes should admonish the trial courts to require the use of meticulously precise language in all judgment entries. Especial care is essential where sentences for crime are imposed.

We deem it proper to add that the sentence of fifteen years imposed upon respondent seems extremely harsh. Circumstances not disclosed by the record may justify it, but only extraordinary ones could do so.

The judgment of the Circuit Court of Appeals is *reversed* and the one entered by the District Court is *affirmed*. The cause will be remanded to the latter court for further proceedings in conformity with this opinion.