## UNITED STATES ex rel. BENTON v. HILL, Warden.

### No. 5399.

Circuit Court of Appeals, Third Circuit.

Aug. 8, 1934.

Clair Groover, of Lewisburg, Pa., for appellant.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court dismissing a writ of habeas corpus.

The relator, Roy Benton, is imprisoned in the federal penitentiary at Lewisburg, Pa., under commitments from the District Court for the Northern District of Oklahoma. The commitments show that the relator was convicted and sentenced to prison for a term of five years, on one count of indictment No. 4073 for violations of the National Prohibition Act (27 USCA), and for a term of five years on indictment No. 4085 for a violation of the Harrison Anti-Narcotic Act as amended (26 USCA §§ 211, 691–707). The commitment on indictment No. 4085 provided: "Said sentence of confinement to run consecutive with sentence imposed in Case No. 4073—Cr." The relator states that he has completed the term of the sentence under No. 4073.

The relator contends that the sentence under 4085 is void, since it does not appear from the commitment when this second sentence should begin. We have no power to order the discharge of the relator under the facts in this case. The judgment in the second case shows plainly that its sentence is to begin at the expiration of the first sentence. The sentences were imposed on the same day by the same court. The reference in the second judgment that this sentence shall be served consecutively with the first shows with fair certainty the intent of the court that the service of the sentence in this case was to begin at the expiration of the service of the sentence in the other case, and excludes any real misapprehension by those who must execute the sentences. United States v. Daugherty, 269 U. S. 360, 363, 46 S. Ct. 156, 70 L. Ed. 309.

There is no necessity for us to pass on the question whether or not the relator, who was proceeding below in forma pauperis, was entitled to counsel before the District Court under section 4 of the Act of July 20, 1892 (28 USCA § 835). The relator failed to argue the question in its memorandum brief, and, even if the District Court was asked, it could refuse the appointment with its discretionary power. Indeed, if we were of the opinion that a refusal was erroneous, it would be harmless on this appeal and at this time because the appeal is not meritorious.

The order is affirmed.