**VAN GORDER v. JOHNSTON, Warden.**
**No. 7928.**

Circuit Court of Appeals, Ninth Circuit.
March 18, 1936.

Hayes Van Gorder, in pro. per.

H. H. McPike, U. S. Atty., and Robt. L. McWilliams and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the District Court refusing to issue writ of habeas corpus upon the petition of appellant. Appellant alleges that he was sentenced on October 16, 1919, by the District Court of the United States for Minnesota to serve a term of five years; that this term expired January 23, 1923. On May 4, 1924, he was sentenced by the District Court of the United States

for Wisconsin to serve a term of five years. Later, on October 14, 1926, he was sentenced by the District Court of the United States for the Eastern District of Missouri to serve five years, the term to run consecutively to sentences already imposed. This sentence was reversed on appeal. Van Gorder v. United States (C.C.A.) 21 F.(2d) 939. On May 26, 1927, he was sentenced to serve five years by the District Court of the United States for Iowa. On September 8, 1927, on conviction of six counts of an indictment he was sentenced by the District Court of the United States for the Eastern District of Illinois to imprisonment for a term of five years and to pay a fine of $5,000 "on each of the 1st, 3rd and 5th counts of the indictment." It was further ordered and adjudged "that he be imprisoned in the said penitentiary for the period of five years on each of the 7th, 9th and 11th counts; * * * that the sentences imposed in counts one, three and five run and be served consecutively, and that the sentence as imposed in counts seven, nine and eleven run and be served concurrently with all other counts. * * * that the foregoing sentence shall commence and take effect, immediately upon the expiration of the sentences, which the said defendant is now serving in said penitentiary."

This sentence was in legal effect for fifteen years (United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309), the execution of the sentence to begin at the end of sentences already being served by the defendant.

Later the appellant escaped and forfeited his credits for good behavior. On December 10, 1927, defendant was convicted on two counts of an indictment in the District Court of the United States for the District of Kansas and was sentenced "for a period of three years on each of the two counts contained in the indictment, sentence to run concurrently, and to begin at the expiration of sentence said defendant is now serving in said penitentiary." The appellant, who appears in propria personum, contends that the Illinois sentence "is illegal and unlawful for the reason that the judgment was too vague, indefinite and uncertain."

It is well settled that such a judgment is sufficiently certain. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309, supra; Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Eyler v. Aderhold (C.C.A.) 73 F.(2d) 372; Carroll v. Zerbst (C.C.A.) 76 F.(2d) 961. It is clear that the defendant has not yet served the sentence imposed by the Illinois court and that he was not entitled to his discharge at the time his application for the writ was denied. It is unnecessary to consider the effect of the other sentences.

The order is affirmed.