**BROWN v. JOHNSTON, Warden.**
**No. 8498.**

Circuit Court of Appeals, Ninth Circuit.
July 19, 1937.

Rehearing Denied Aug. 23, 1937.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus.

The appellant, who will be referred to as petitioner, is confined in the United States prison at Alcatraz. His petition sets out substantially the following facts:

On October 31, 1918, he was sentenced by the Supreme Court of the District of Columbia in case No. 33462 to serve ten years in prison. On the same date the same court sentenced him in case No. 33439 to serve a term of ten years, the latter term to take effect from the date of the expiration of the sentence imposed in case No. 33462. He was delivered to the penitentiary at Atlanta.

On November 4, 1920, the warden ordered that petitioner be not entitled to receive any good time deduction from either sentence imposed as described. This action was based on an escape which occurred June 1, 1920. On September 27, 1920, the petitioner was again brought before the Supreme Court of the District of Columbia, accused of an offense for which he was sentenced on October 5, following, for a term of fifteen years "to take effect from and including the date of expiration of sentence in indictment No. 33439." He was then returned to the Atlanta institution and the warden's revocation of good time allowance followed.

Petitioner claims that since he has served his first ten-year sentence in full, and has faithfully observed all prison rules during his confinement under his second ten-year sentence, he is legally entitled to good time allowance earned under his second sentence, the earlier order of the warden being without legal authority. He further contends that the fifteen-year sentence imposed on October 5, 1920, was either altogether void for uncertainty, or it commenced to operate on the date it was pronounced, notwithstanding the order of the court to the contrary. Hence, that on February 19, 1937, when his petition was filed, he had served in full the fifteen-year sentence, and the first ten-year sentence, and that the second ten-year sentence had long since been fully satisfied after allowing good time deduction as provided by 18 U.S.C.A. § 710.

Thurman A. Brown, in pro. per.

H. H. McPike, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

In the view we take of the law it will be necessary to consider only the

status of petitioner in respect of the fifteen-year sentence imposed on October 5, 1920. His imprisonment under this sentence was lawfully ordered to commence on "the date of expiration of sentence in indictment No. 33439," which was the second of the consecutive ten-year sentences imposed by the same court in October, 1918. Van Gorder v. Johnston (C.C.A.9), 82 F.(2d) 729, 730. No new rule in this respect was laid down by the Act of June 29, 1932, § 1 (18 U.S.C.A. § 709a), appearing in the margin.[1] It was not the purpose of that statute to abolish the long sanctioned practice of imposing consecutive sentences or sentences to begin at a future time. Rather, the act sought to insure prisoners credit for the time they might spend in local confinement awaiting transportation to the penitentiary. Eyler v. Aderhold (C.C.A.5) 73 F.(2d) 372; Edwards v. Aderhold (C.C.A. 5), 73 F.(2d) 374. Nor is there here any lack of that element of certainty as to the time of commencement of the term which must characterize sentences in criminal cases under the principle announced by the Supreme Court in U. S. v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309.

■ Thus, even though a proper interpretation of 18 U.S.C.A. § 710 entitles petitioner to good time deduction from his second ten-year term, concerning which we express no opinion, he would still be lawfully confined under the fifteen-year sentence imposed in 1920. With respect to the warden's revocation of good time allowance of which the petitioner complains, it should perhaps be pointed out that under 18 U.S.C.A. § 711, the Attorney General is given power, on recommendation and evidence submitted to him by the warden in charge, to restore such portion of lost good time as may be proper. If the conduct of the petitioner since his 1920 escape has been such as to warrant restoration of good time lost as a consequence of the escape, the relief of this statute is available.

■ Since on the basis of the facts alleged in his petition the appellant was not entitled to the issuance of the writ, its denial was proper. 28 U.S.C.A. § 455; Ex parte Terry, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405.

■ Concurrently with the filing of his petition appellant moved for the appointment of counsel, alleging that he has no means to employ such. He assigns as error the action of the trial court in denying the writ without first having provided him with an attorney. Under the circumstances there is no merit in the assignment. This proceeding is not a criminal prosecution as contemplated by the Sixth Amendment.

Order affirmed.

---

[1] "The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term."