## HODE v. SANFORD, Warden.

### No. 8965.

Circuit Court of Appeals, Fifth Circuit.

Feb. 3, 1939.

Zeno Hode, in pro. per.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing a writ of habeas corpus and remanding appellant to the custody of the warden of the Federal penitentiary at Atlanta, Ga.

It appears from the record that appellant pleaded guilty to two indictments in the Southern District of Mississippi. One indictment, No. 4436, in four counts, charged resistance to a Federal officer in arresting appellant and assault upon him while in the discharge of his duties, with a deadly weapon, with intent to do him bodily harm. The other indictment, No. 4351, in four counts, charged violations of the Federal liquor laws. On indictment 4436 sentence was imposed as follows: "It was thereupon considered and adjudged by the Court that the said Defendant be confined in the United States Penitentiary at Atlanta, Ga., for a period of ten (10) years from the date of delivery; whereupon proper process shall issue."

On indictment No. 4351 the following sentence was imposed:

"It was thereupon considered and adjudged by the Court that the said Defendant be confined in the United States Penitentiary at Atlanta, Ga., for a period of five (5) years from the date of delivery; whereupon proper process shall issue.

"The Sentence imposed in this case is to run continuously with the sentence imposed in case No. 4436."

Appellant was delivered to the Federal penitentiary at Atlanta, Georgia, on June 11, 1932, on both sentences, under a mittimus which read in part "that he be confined in the Federal penitentiary at Atlanta, Ga., for a period of 15 years from the date of delivery." The mittimus was signed by the clerk and not by the judge.

Appellant contends that the word "continuously" in the second sentence should be construed as "concurrently", and that, with deductions for good conduct and for work performed, both sentences have been served and he is entitled to his release.

The District Court based his construction of the sentence entirely upon the word "continuously", defining it as meaning: "With continuity or continuation; without interruption; unbroken".

■ A sentence in a criminal case should be clear and definite. In construing it the entire judgment imposing the sentence must be considered rather than one particular word. U. S. v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309. If its meaning is doubtful, the presumption arises that it is to be served concurrently with another sentence imposed at the same time. 15 Am.Jur. § 465, "Criminal Law". The word "continuously" may have different meanings according to the context of the writing in which it appears. So far as we have been able to ascertain, as used in a sentence of imprisonment, the word has not been judicially defined except by the District Court in this case. The trial court had authority to make the sentences run "consecutively" or "concurrently". Those words are generally used to indicate the intention of the Court. A strong presumption may be indulged that the use of the word "continuously" in this case was a clerical error, committed by the clerk, as its use is so unusual it is doubtful that it was intentionally used by the judge. Had the sentences been silent as to whether they were to run consecutively or concurrently they would have run concurrently from the date the prisoner was delivered to the penitentiary. 18 U.S.C.A. § 709a. Both sentences clearly provide that the terms of imprisonment are to run from the date of delivery to the penitentiary. They can not be construed to run consecutively without violating that provision. Moreover, following the definition relied on by the District Court and construing the word "continuously" to mean without interruption, it would be a reasonable conclusion that it was the intention of the trial court that the sentence of four years should not be interrupted or postponed by the service of the sentence of ten years.

■ While the commitment states the term of imprisonment to be 15 years, that is purely the act of the clerk. A commitment depends for its validity on the judgment behind it. If it differs the mittimus is controlled by the judgment. Hill v. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283.

■ Construing the sentences together we conclude that it was the intention of the trial court that they should be served concurrently and not consecutively. The record does not disclose clearly whether deductions from the maximum sentence of ten years earned by good conduct or working would warrant the release of the prisoner at this time. But that fact may be easily determined by further proceedings in the case.

Reversed and remanded.

HUTCHESON, Circuit Judge (concurring).

I concur in the opinion, and add to it that while the dictionary does define "continuous" as "without break, cessation, or interruption", and a plausible argument might be advanced that "continuously" could be used in a sentence to carry the meaning of consecutiveness or cumulativeness, if so used it should be made very clear that it was so intended.

When it is noted that the word "with", which follows "continuously" in the judgment, is the word which properly follows "concurrently", I think it should be assumed that the word "continuously" was mistakenly written for concurrently, rather than to express the idea of cumulation.