**COLE v. SANFORD, Warden.**

**No. 1789.**

District Court, N. D. Georgia, Atlanta Division.

Jan. 11, 1943.

Petitioner in personam.

Harvey H. Tisinger, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

On January 14, 1939, in the District Court of the United States for the Northern District of Texas, petitioner was, upon his plea of guilty on indictment No. 9391, sentenced to, a term of five years in the penitentiary. At the same time a concurrent sentence of five years was imposed on indictment No. 9393 in the said Court.

On the same day and in the same court, petitioner was sentenced on indictment No. 9392, which was in two counts. The sentence imposed was, "Two (2) years in the United States Penitentiary at Leavenworth, Kansas, on count one (1), and Not To Run Concurrently with sentence imposed on count One (1) in Cause No. 9391-Criminal, and for two (2) years generally on all remaining counts, To Run Concurrently with sentence on count one (1)."

On March 14, 1939, petitioner was sentenced in the United States District Court for the Southern District of Texas, upon an indictment of several counts, No. 7484, to a term of two years on each count, which were made to run concurrently, but "this total of Two (2) Years to be Cumulative of and to run upon the expiration of the sentence heretofore imposed upon this defendant by the Honorable District Court of the Northern District of Texas, Dallas Division, in Cause No. 9391," et cetera. This sentence, however, did not mention the two-year sentence imposed on indictment No. 9392 in the Northern District of Texas, and therefore must be construed to run concurrently with it.

For grounds of habeas corpus petitioner contends that the sentence on indictment No. 7484 in the Southern District of Texas was void because he was deprived of his right to perfect an appeal, which he had noted, due to the fact that he was transported immediately to the Federal Penitentiary.

This is immaterial in this proceeding, however, if the concurrent sentence imposed on indictment No. 9392 is good, the sentence imposed on indictment No. 9391 having been fully served.

Petitioner, relying on the authority of United States v. Patterson, C.C., 29 F. 775, contends that the sentence on indictment No. 9392 should be so read as to make it run concurrently with the sentence imposed on indictment No. 9391. The Patterson case is clearly in point, but in the light of the case of United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309, may be distinguished from the case at bar, as courts have been doing without expressly refusing to follow the Patterson case.

In the Daugherty case, the Supreme Court says: "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt can not be demanded." Page 363 of 269 U.S., page 157 of 46 S.Ct., 70 L.Ed. 309. The Supreme Court points out that in the Patterson case "a single judgment entry directed that the prisoner 'be confined at hard labor in the state's prison of the state of New Jersey, for the term of five (5) years upon each of the three indictments above named, said terms not to run concurrently.'" In the case at bar the sentences were not only separately written and entered, but the sentence on indictment No. 9392 was imposed after the sentence on indictment No. 9391 had been imposed. Therefore, when the sentence in number 9392 was imposed and recited that it was "not to run concurrently with sentence imposed on count 1 in case number 9391 Criminal," it appears, with fair certainty, that the Court did not intend to make it run prior to the latter sentence, and that, if this be true and the sentence were not to run concurrently, it could only begin and run after the expiration of the sentence imposed in case number 9391. It seems to me, therefore, that this is a case where one may state "with fair certainty," if not with confidence, that the language used, in the circumstances shown, reveals the intent of the Court to make the sentence in number 9392 commence to run after the completion of the sentence in number 9391, and excludes "any serious misapprehensions by those who must execute them."

I find, therefore, that the sentences imposed on indictments numbers 9391 and 9392 were valid and ran consecutively, thereby constituting a term of seven years which has not been completely served, and that it is unnecessary to pass upon the question of the validity of the sentence under indictment number 7484.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and same is hereby discharged and petitioner remanded to the custody of respondent.