**ALLEN v. HUNTER.**
No. 936.

District Court, D. Kansas, First Division.
April 5, 1946.

Malcolm McNaughton, of Leavenworth, Kan., for petitioner.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan., for respondent.

MELLOTT, District Judge.

Petitioner, an inmate of the Federal Penitentiary at Leavenworth, Kansas, was brought before the court, at Leavenworth, Kansas, on March 4, 1946 under a writ of habeas corpus theretofore issued upon his verified petition. The respondent filed a return, admitting petitioner's custody but denying that it is in any manner unlawful or illegal.

The basic facts, shown in part by the testimony of petitioner, in part by admissions in the pleading and in part by exhibits received in evidence, are as follows: Petitioner was indicted by a Grand Jury of the United States, duly impaneled in the District Court of the United States for the Eastern District of Illinois at the September, 1937 term of said court, for a violation of Section 552, U.S.C.A. Title 38. The indictment contained four counts. The date of petitioner's arrest under the indictment has not been shown; but it appears inferentially that at the time the indictment was returned petitioner was then incarcerated in the Indiana State Prison. In any event he was so incarcerated for a period of time antecedent to January 24, 1944.[1] On the date last-mentioned he, at his request, was taken before Judge Walter C. Lindley, at Danville, Illinois, where he entered a plea of guilty on each of the four counts of the indictment. Thereupon it was ordered and adjudged that the defendant in that action, petitioner here, be committed to the custody of the Attorney General or his authorized representative for imprisonment for the period of two years, said sentence to begin upon his discharge from incarceration from the Indiana State Prison at Michigan City, Indiana, or from such other training school, reformatory or penitentiary to which he may be transferred; said defendant to be-. gin the service of sentence imposed herein upon his discharge from incarceration, regardless of whether he be released on parole and that said defendant stand committed to said institution until said defendant is otherwise discharged as provided by law.

On the same date that the proceedings shown above took place or immediately thereafter petitioner was returned to the Indiana State Prison. He remained there until sometime in January 1945. It appears[2] that on or about December 12, 1944 a petition 'for a writ of habeas corpus assailing the legality of his confinement in the Indiana State Prison was filed but not acted upon. However that may be he was turned over to the United States Marshal for the District of Illinois on January 29, 1945, who delivered him to the Penitentiary

---

[1] The exhibit attached to his petition states that on or about November 30, 1940 he was an inmate of the Indiana State Prison serving an indeterminate term of one to ten years on the charge of "lettering a fraudulent check," at which time he had then served four years and two months.

[2] The exhibit attached to his petition states that a petition for a writ of habeas corpus was filed in the District Court of the United States for the Northern District of Indiana on December 12, 1944 and he so testified at the hearing on March 4, 1946.

at Leavenworth, Kansas, on February 12, 1945 where he is now confined.

The contentions made by the petitioner in his petition and at the hearing may be summarized as follows:

1. That he was misled by the United States Attorney into entering "an unwilling plea of guilty to the charges upon which he was indicted";

2. That he was not provided by the court with the services of a competent attorney;

3. That his plea of guilty "was obtained by deliberate fraud on the part of the United States Attorney, by coercion and by malpractice";

4. That inasmuch as he was never discharged from his sentence in the Indiana State Prison he still "is, in fact, * * * a prisoner of the State of Indiana and * * * as such * * * cannot legally nor lawfully be a prisoner of the United States Penitentiary";

5. That the Federal Government lost all jurisdiction over him when, after claiming jurisdiction of his body and person and transporting him into Illinois, it permitted him to be returned to Indiana;

6. That the sentence imposed upon him by Judge Lindley is void because "made to commence at the expiration of a separate term of imprisonment or at some future date"; and

7. That if the sentence was not void then it "commence (d) to operate and function on the 24th day of January, 1944, the day it was imposed" and petitioner was entitled to a conditional release on August 23, 1945 and to his unconditional release on January 24, 1946.

■ The first and third contentions may be considered together. The sole evidence adduced in support thereof consisted of the uncorroborated testimony of petitioner. He produced a letter from the then District Attorney for the Eastern District of Illinois, obviously written in response to a letter written by him, in which it was stated that the District Attorney was "not familiar with the rules and regulations of the Board of Pardons of Indiana" but was of the opinion that when petitioner had served his time there and had been brought into the District of Illinois and sentenced he would "not have to go back to that institution to serve any more time." In the document attached to his petition and labeled as "Exhibit A"—an unverified statement of petitioner himself—it is stated that other letters had been received by him from the District Attorney and that before he was taken into court for the purpose of entering his plea he had been taken to the office of the District Attorney where threats were made and coercion was exercised in an effort to have him enter a plea. There is no evidence to support these charges and the court specifically finds that they are groundless and without any foundation.

■ The second charge is likewise wholly unproved. The court records show that the defendant in the action in the District Court at Danville, Illinois,—petitioner herein—"having been advised of his constitutional right to counsel and having been asked whether he desired counsel assigned by the court, replied that he did not." The only other evidence on this phase of the controversy is petitioner's statement that he "entered a plea of guilty without any mention of representation by counsel being made." Cf. Beckett v. Hudspeth, 10 Cir., 1942, 131 F.2d 195.

■ The fourth charge is belied by petitioner's own Exhibit 2, introduced in evidence at the hearing, although it is but fair to state it had been received by him subsequent to the filing of the petition. It is a letter from the Supervisor of Paroles of Indiana, advising petitioner that his "turnover to the Federal authorities" on January 8, 1945 had constituted a waiver of jurisdiction over him and he had accordingly been given a final discharge at the meeting of the Prison Board of Trustees held October 19, 1945.

■ The fact that the government permitted petitioner to be returned to Indiana for the purpose of serving the remainder of the sentence imposed upon him by the state court did not cause the United States District Court of Illinois to lose all jurisdiction over him. The Circuit Court of Appeals for the Tenth Circuit, in Wall v. Hudspeth, 108 F.2d 865, 866, under analogous facts, said: "Petitioner contends that the United States Court was without jurisdiction to impose sentence upon him while he was serving the term in the penitentiary of the state, and that for such reason the sentence is void. When the court of one sovereign takes a person into its custody on a criminal charge he remains in the jurisdiction of that sovereign until it has been exhausted, to the exclusion of the courts of the other sovereign. That rule rests upon principles of comity, and it exists between federal and state courts. Ponzi

v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Grant v. Guernsey, 10 Cir., 63 F.2d 163, certiorari denied 289 U.S. 744, 53 S.Ct. 688, 77 L.Ed. 1491. But either the federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner, and in such circumstances the question of jurisdiction and custody is purely one of comity between the two sovereigns, not a personal right of the prisoner which he can assert in a proceeding of this kind. Ponzi v. Fessenden, supra; In re Andrews, D.C., 236 F. 300."

■ Petitioner's sixth contention must likewise be ruled against him on the authority of Wall v. Hudspeth, supra. Passing upon a similar ground for release under a writ of habeas corpus the court said: "The remaining contention is that the sentence in question is void for the reason that by its terms it was to begin at the expiration of the sentence being served in the penitentiary of the state. A sentence must be reasonably definite, certain and consistent in all its provisions. Biddle v. Hall, 8 Cir., 15 F.2d 840. It should disclose on its face with fair certainty the intent of the court, but the elimination of every conceivable doubt is not requisite to its validity. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309. Ordinarily a provision in a sentence that it is to begin at the expiration of a prior sentence then being served is not enough within itself to render the sentence void for indefiniteness or uncertainty. Ponzi v. Fessenden, supra; Carroll v. Zerbst, 10 Cir., 76 F.2d 961; McNealy v. Johnston, 9 Cir., 100 F.2d 280. But it is urged that the sentence being served in the state penitentiary was from fourteen to twenty-eight years, that the state of Louisiana has an indeterminate sentence law, Code Cr.Proc.La. art. 529, and that therefore the exact time such sentence would terminate was indefinite and uncertain. The sentence in question here expressly provided in clear language that it should begin at the expiration of the one then being served which plainly meant that petitioner should commence serving it immediately at the expiration of the prior sentence, whether it expired by completion of the full term or by earlier termination in any other manner. Such a provision is not objectionably uncertain and indefinite."

■ Petitioner's last contention and the one urged most strenuously by his counsel upon brief, is that the sentence imposed by Judge Lindley commenced to function on the day it was imposed. The argument proceeds substantially as follows: Indiana takes the view, as indicated by an opinion of its Attorney General, that the state loses jurisdiction of a prisoner when he is turned over to the authorities of another jurisdiction; that the "turnover" of petitioner constituted a waiver of jurisdiction; that full jurisdiction being acquired the prisoner was merely held thereafter by the authorities of the State Prison for the Federal government; and that he is therefore entitled to credit against or upon his sentence by the United States District Court of Illinois for the time held in the Indiana State Prison following his sentence by that court.

At first blush it might seem that Indiana does not apply and follow the rule of law enunciated by the Supreme Court in Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879. No such conclusion, however, is justified upon the present record. The ruling of the Attorney General of that state, relied upon in this connection and introduced in evidence at the hearing of the instant case, deals merely with parolees under the Indiana statutes. The first ruling in the opinion was that "a release by executive warrant of a parolee to Ohio constitutes a waiver of jurisdiction by Indiana, which prevents the continuance of parole supervision upon his discharge by Ohio authorities." The other questions discussed dealt with facets of the same general problem—the right to retake a parolee who violates the law in some other jurisdiction, waiver of the right to retake by failure to take action promptly, etc. Nowhere in the opinion, however, is the view expressed that the surrender of a prisoner to another jurisdiction, under the circumstances shown by this record, constituted a waiver of jurisdiction over him. The premise upon which petitioner's contention rests is therefore nonexistent. It follows such contention cannot be sustained.

The petition for a writ of habeas corpus is dismissed, the writ is discharged and petitioner is remanded to the custody of respondent.