Herbert GLENN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12281.

United States Court of Appeals
Sixth Circuit.

Dec. 10, 1954.

**334**

Herbert Glenn, pro se.

Thomas Stueve, Asst. U. S. Atty., Cincinnati, Ohio, Hugh K. Martin, Columbus, Ohio, Thomas Stueve, Cincinnati, Ohio, on brief, for appellee.

Before ALLEN, MILLER, and STEWART, Circuit Judges.

PER CURIAM.

Appellant was found guilty under two counts of an indictment charging violation of 21 U.S.C.A. § 174. On October 13, 1952, the court sentenced appellant to the custody of the Attorney General "for a period of Five (5) Years on Count 1 of the Indictment, and for the period of Five (5) Years on Count 2 of the Indictment, Three (3) Years of the sentence on Count 2 to run concurrently with the sentence on Count 1 and the remaining Two (2) Years of the sentence on Count 2 to begin at the expiration and termination of the sentence on Count 1" and to "pay a fine of $2,000.00 on each of counts 1 and 2 of the indictment, which said fines are suspended." · Subsequently, in order to make the sentence conform to provisions of Public Law 255, Chapter 666, 82nd Congress, 65 Stat. 767, that, upon conviction for a second offense the offender shall be fined not more than $2,000 and imprisoned not less than five nor more than ten years and that imposition or execution of sentence shall not be suspended and probation shall not be granted, on October 21, 1952, appellant being in court and represented by counsel, the court resentenced appellant by an order filed October 21, 1952, nunc pro tunc, which reads as follows:

"It is hereby ordered that the sentence imposed on October 13, 1952, be amended and corrected to be that Herbert Glenn be committed to the custody of the Attorney General for a period of Five (5) Years on Count 1 of the Indictment, and for the period of Five Years on Count 2 of the Indictment, Three (3) years of the sentence on Count 2 to run concurrently with the sentence on Count 1 and the remaining Two (2) Years of the sentence on Count 2 to begin at the expiration and termination of the sentence on Count 1; and to pay a fine of $5.00 on each of Counts 1 and 2 of the Indictment, nunc pro tunc."

Appellant moved to vacate this sentence in whole or in part, claiming that the corrected order did not constitute an effective cumulative sentence. To the denial of this motion this appeal is prosecuted.

The corrected order. reveals with certainty the intent of the court. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309. Cf. United States v. Remus, 6 Cir., 12 F.2d 239. The provisions of the corrected order in no way prejudiced appellant. The court was authorized to correct the order, Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A. and it is clearly valid.

It is ordered that the order appealed from be and it hereby is affirmed.