42 N.J. Super. 540 (1956)
127 A.2d 404
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SIDNEY LADEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 19, 1956.
Decided December 6, 1956.
*541 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Mario H. Volpe, Mercer County Prosecutor, for the respondent State of New Jersey (Mr. Frank H. Lawton, First Assistant Prosecutor).
Mr. Sidney Laden, pro se.
The opinion of the court was delivered by FRANCIS, J.A.D.
Sidney Laden, a prisoner confined to New Jersey State Prison, applied to the Mercer County Court for correction of the record of his sentences. Denial of the relief sought produced this appeal.
Eleven indictments (Nos. 118 to 128 inclusive) and one accusation (No. 35) were presented against the prisoner. All of them were predicated upon the cashing of various *542 worthless checks. He pleaded guilty through and in the presence of counsel selected by him. The sentences thereon as shown by the record are:

 2-3 years on indictment No. 118,
 2-3 years on indictment No. 121,
 2-3 years on indictment No. 127,
 these terms to run consecutively;
 2-3 years on accusation No. 35,
 2-3 years on indictment No. 119,
 2-3 years on indictment No. 120,
 these terms to run concurrently with
 the sentence imposed on No. 118;
 2-3 years on indictment No. 122,
 2-3 years on indictment No. 123,
 2-3 years on indictment No. 124,
 2-3 years on indictment No. 125,
 2-3 years on indictment No. 126,
 2-3 years on indictment No. 128,
 these terms to run concurrently with
 the sentence imposed on No. 127.

The prisoner contends that the oral deliverance of the court in meting out the periods of imprisonment was so ambiguous as to require the construction that the sentence on indictment No. 127 runs concurrently with that on No. 121.
The statement of the trial court after some discussion with the defendant was as follows:
"The Court: I am going to sentence you from 2 to 3 years on the Julia Andrews charge, the check for $150; 2 to 3 years on the George W. Case charge.
Mr. English [Assistant Prosecutor]: If your Honor please, what indictments are they?
The Court: Well, the first is Indictment No. 118. Indictment No. 118, 2 to 3 years. Then Indictment No. 121, 2 to 3 years and Indictment No. 127. Now, these will be consecutive. That will be practically 6 to 9 consecutive. And then Accusation 35, that will be concurrent with 118; 119 will be concurrent with 118; 120 will be concurrent with 118; 122, 123, 124, 125, 126 and 128 will be concurrent with 127. Now, you understand that. That is clear?
Mr. English: Yes, sir." *543 No comments were made or questions asked by the defendant or his counsel.
Adverting to the words: "[A]nd indictment No. 127," Laden claims that they indicate no specific consecutive sentence on the indictment mentioned and are so ambiguous as to require the construction that a sentence of two to three years to run concurrently with that under No. 121 was imposed.
Unquestionably sentences are required to be certain, definite, consistent in their terms, unambiguous and not open to any serious misapprehension by those who execute them or by those who serve them. State v. Williams, 29 N.J. Super. 309, 313 (App. Div.), certiorari denied 348 U.S. 847, 75 Sup. Ct. 71, 99 L.Ed. 668 (1954). But rigid and unreasonable exactitude is not the test. So long as the language indicating the period of imprisonment is free from reasonable doubt, it is sufficient. In re Sabongy, 18 N.J. Super. 334, 347 (Cty. Ct. 1952); United States v. Daugherty, 269 U.S. 360, 46 Sup. Ct. 156, 70 L.Ed. 309 (1926).
In this instance, although we agree that the court might have been more precise in his statement, the meaning is free from reasonable doubt. When he ordered a term of two to three years on indictment No. 118 and said: "Then Indictment No. 121, 2 to 3 years and Indictment No. 127. Now, these will be consecutive," obviously he intended to subject the prisoner to three 2-to-3-year consecutive terms; and the language executes that intention beyond a reasonable doubt. If there were any further question, it is dispelled by the next sentence: "That will be practically 6 to 9 consecutive." The word "practically" does not collide with our conclusion. Rather, it serves to give emphasis to the scope of the impositions; that is, that three individuated terms were imposed; probably it was used also to negative any possible notion that he was undertaking to aggregate or "lump" the three sentences. In re Clover, 34 N.J. Super. 181 (App. Div. 1955).
*544 The large number of habeas corpus applications and motions to correct allegedly illegal sentences which continue to appear in the trial and appellate lists, presents a problem of which all judges are acutely aware. Although very few of them ever reveal any prejudicial error suffered by the prisoner, undoubtedly the volume can be reduced by the creation of a record in the original case which will leave open no avenue even for hypercritical attack. In this regard it may be helpful to all of us to renew our acquaintance with the admonition of the United States Supreme Court in United States v. Daugherty, supra [269 U.S. 360, 46 S.Ct. 157], that judges should use "meticulously precise language in all judgment entries," particularly when imposing sentences for crimes.
The action of the trial court is affirmed.