Fred WARD, also known as Fred Williams, Appellant,

v.

UNITED STATES of America, Appellee.

Fred WARD, also known as Fred Williams and Lester Hall, Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 5848, 5849.

United States Court of Appeals Tenth Circuit.

May 29, 1958.

No appearance for appellant. (Fred Ward submitted a brief pro se).

Robert S. Wham, Asst. U. S. Atty., for the District of Colorado, Denver, Colo. (Donald Kelley, U. S. Atty., for the District of Colorado, Denver, Colo., was with him on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

These appeals, which were treated as motions authorized under the provisions of 28 U.S.C.A. Section 2255,[1] are from a denial of motions to clarify criminal sentences imposed upon the appellant, Fred Ward, in these cases. They involve like questions and have been consolidated for disposition.

On December 9, 1953, while serving a sentence in the Colorado State Penitentiary, Ward was brought before the United States District Court for the District of Colorado for sentencing upon his pleas of guilty to two criminal indictments. One of these indictments was designated as Case No. 13629, and charged Ward with five counts of using the mails to defraud, in violation of 18 U.S.C. 1341. The other was a one count indictment, designated as Case No. 13630, and charged a conspiracy to use the mails to defraud, in violation of 18 U.S.C. 371. In Case No. 13629, Ward was sentenced

---

1. The District Court held that the motions presented only questions relating to the record, and that the presence of the defendant at the hearing was unnecessary.

to serve a term of four years on each of two of the five counts, to run consecutively, together with fines on the other three counts. Simultaneously; a sentence of four years was imposed in Case No. 13630, which sentence was to run consecutively to the sentences imposed in Case No. 13629. The court ordered that these terms of imprisonment should run concurrently "with the sentence that the defendant is presently serving in the Colorado State Penitentiary * * * ". In pronouncing sentence, the court stated that the sentences "will make the total sentence on all counts 12 years in the aggregate by reason of the consecutive nature of the sentences * * *".

Ward, who is now confined in the United States Penitentiary at Leavenworth, Kansas, contends that the sentences are so uncertain, indefinite and ambiguous that the intent of the court cannot be ascertained therefrom.

■ It is well settled that criminal sentences must be reasonably certain, definite and free from ambiguity, but the elimination of every conceivable or possible doubt is not required. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Ong v. Hunter, 10 Cir., 196 F.2d 256; Smith v. United States, 10 Cir., 177 F.2d 434. In the Daugherty case, the Supreme Court said that "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded." 269 U.S. 363, 46 S.Ct. 157.

■ We think the sentences in these two cases are too clear for any reasonable doubt to arise as to the intention of the court. The formal judgments and sentences, together with the court's oral pronouncement from the bench, show that the intent in Case No. 13629 was that Ward should serve consecutively, two four year sentences on two separate counts of this indictment, for a total of 8 years, and thereafter a four year sentence in Case No. 13630, to be served con-

secutively with the sentence in Case No. 13629, making a total of 12 years. The court's reference to the aggregate number of years to be served under the two sentences was merely an explanation of the total result. It is quite obvious from the statement that the court intended that each of the four year sentences was to be served consecutively and in the order in which sentence was pronounced. The fact that part of the 12 year sentence was to be served in the Colorado State Penitentiary does not affect the validity of either sentence or the computation of the time to be served in the United States Penitentiary. When Ward was delivered to the United States for completion of the Federal sentences, the Bureau of Prisons could readily observe that the combined Federal sentences would expire December 8, 1965.

Affirmed.