**Paul Dean BARKER, Appellant,**

v.

**C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 5970.**

United States Court of Appeals Tenth Circuit.

Nov. 25, 1958.

Roy Cook, Kansas City, Kan., for appellant.

E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan. (Wilbur G. Leonard, U. S. Atty., Topeka, Kan., and Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., were on the brief), for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order discharging a writ of habeas corpus. Paul Dean Barker and Houston Hubert Barker were charged jointly by six indictments returned in the United States District Court for the Western District of Texas, San Antonio Division, numbered 15585, 15584, 15583, 15582, 15580 and 15603. The offense charged in Nos. 15585 and 15584 was interstate transportation in commerce of a stolen motor vehicle; in No. 15583, traveling from the State of Texas to the State of Mississippi to avoid prosecution for a state offense; and in No. 15582, No. 15580 and No. 15603 the unlawful transportation in interstate commerce of firearms.

The petition in part alleged:

"2. That on March the 12th, 1948 the Court for the Western District of Texas, San Antonio Division entered the following sentences:

"The Court: In cause No. 15585, the court sentences you, Paul, to serve five years; and you Houston Hubert Barker to serve five years.

"The Court: In 15584, the Court will sentence you Paul, to serve five years, and you, Mr. Houston Barker, to serve five years.

"* * * On No. 15583, * *

"The Court: In that case, Mr. Paul Dean Barker, the court sentences you to serve five years, and you, Mr. Houston Barker, to serve five years.

"* * * No. 15582, * * *

"The Court: In that case, Mr. Paul Dean Barker, the court sentences you to serve five years.

"* * * No. 15581, * * *

"The Court: In that case, Mr. Houston Hubert Barker, the court sentences you to serve five years.

"* * * 15580, * * *

"The Court: In that case, Mr. Paul Dean Barker, the court sentences you to serve five years, and you, Mr. Houston Barker, to serve five years.

"* * * 15603, * * *

"The Court: In that case, Mr. Paul Dean Barker, the Court sentences you to serve five years, and you, Mr. Houston Barker to serve five years.

"And each of the sentences will run consecutively."

The judgment and commitment signed by the trial court in No. 15585, after reciting that Paul Dean Barker had pled guilty to the charge contained in the in-

dictment and adjudging him guilty of the offense charged, in part read:

"It is the order and sentence of the Court that the defendant, Paul Dean Barker, for the said offense by him committed, be imprisoned for the period of Five (5) Years in an institution to be designated by the Attorney General of the United States, and that said defendant be, and he is hereby, committed to the custody of said Attorney General or his authorized representative."

The judgment and commitment signed by the trial court in No. 15584, after reciting that Paul Dean Barker had pled guilty to the charge contained in the indictment and adjudging him guilty of the offense charged, in part read:

"It is the order and sentence of the Court that the defendant, Paul Dean Barker, for the said offense by him committed, be imprisoned for the period of Five (5) Years in an institution to be designated by the Attorney General of the United States, said sentence of imprisonment to begin upon the expiration of the sentence imposed against this defendant, Paul Dean Barker, in cause No. 15585 Criminal, * * *."

The judgment and commitment signed by the trial court in No. 15583 contained a like recital of the plea of guilty and an adjudication of guilt and imposed a sentence of five years in substantially the same language as the sentence in No. 15584, except that it provided that the sentence of imprisonment should begin upon the expiration of the sentence imposed on Paul Dean Barker in No. 15584.

The judgment and commitment signed by the trial court in No. 15582 contained a like recital of the plea of guilty and an adjudication of guilt and imposed a sentence of five years in substantially the same language as the sentence in No. 15584, except that it provided that the sentence of imprisonment should begin upon the expiration of the sentence imposed on Paul Dean Barker in No. 15583.

The judgment and commitment signed by the trial court in No. 15580 contained a like recital of the plea of guilty and an adjudication of guilt and imposed a sentence of five years in substantially the same language as the sentence in No. 15584, except that it provided that the sentence of imprisonment should begin upon the expiration of the sentence imposed on Paul Dean Barker in No. 15582.

The judgment and commitment signed by the trial court in No. 15603 contained a like recital of the plea of guilty and an adjudication of guilt and imposed a sentence of five years in substantially the same language as the sentence in No. 15584, except that it provided that the sentence of imprisonment should begin upon the expiration of the sentence in No. 15580.

The basis for the application for the writ is that the sentences were so indefinite and uncertain as to render them void. The trial court found, after a full hearing, that the sentences orally imposed by the court were reasonably definite, certain and consistent, and that the fair and reasonable intendment of the several sentences imposed on Paul Dean Barker was that in the order of their pronouncement the second was to run consecutively with the first; the third consecutively with the second; the fourth consecutively with the third; the fifth consecutively with the fourth; and the sixth consecutively with the fifth, and that there was no conflict between the oral sentences imposed and the written judgment and commitment signed by the trial judge.

We think the sentences, on their face, "with fair certainty" disclose "the intent of the" sentencing "court," as found by the court below in the instant case, and the order is therefore affirmed.[1]

1. See United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 70 L.Ed. 309.