**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4911**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SYLVESTER RUFFIN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CR-03-17-BO)

———————

Submitted: October 1, 2004        Decided: December 8, 2004

———————

Before LUTTIG and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sylvester Ruffin pled guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced as an armed career criminal to the statutory minimum term of 180 months imprisonment. 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2004). Because we find irreconcilable inconsistencies both in the oral sentence and the written judgment, we vacate the sentence and remand for resentencing. On remand, the district court should clarify its prior intent and issue a corrected judgment order.[*]

Ruffin's guideline range was 180-210 months. Before the sentencing hearing, the government filed a motion for a substantial assistance departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2002), and 18 U.S.C.A. § 3553(e) (West Supp. 2004), which authorized a departure below the guideline range and below the mandatory minimum sentence. At the sentencing hearing, the district court indicated that it would impose a sentence at the bottom of the guideline range, i.e., 180 months. The government then reminded the court that it had filed a motion for a substantial assistance departure and described Ruffin's

_____

[*]Counsel for Ruffin has filed a motion seeking leave to file a supplemental brief addressing the effects of Blakely v. Washington, 124 S. Ct. 2531 (2004). The motion is granted and the motion is deemed to provide the supplemental argument concerning Blakely. After consideration of this court's decision in United States v. Hammoud, 381 F.3d 316, 2004 WL 2005622 (4th Cir. Sept. 8, 2004) (en banc), we find any claim made in reliance on Blakely to be without merit.

cooperation. The court and the attorneys then had the following exchange:

THE COURT: Why don't you do a Rule 35 [motion] with him?

[AUSA] MOORE: It is a 5K and Rule –

THE COURT: Well, I mean, why don't you let him perform and then be – have his sentence modified. Are you going to bring him back again or not?

[AUSA] MOORE: I am not sure if he is going to be brought back or not.

MS. GRAVES: I was under the impression that it was not very likely that he would be brought back, but under the current policy, that he would be eligible for the 25 years, but –

THE COURT: All right. We'll do this.

[AUSA] MOORE: We are recommending a 25 percent reduction, 135 months.

THE COURT: All right.

MS. GRAVES: Your honor, I would ask that you consider the reduction from the guideline range as it would be without the armed career criminal, without the mandatory minimum. His range would be 168 to 210, and I would ask you to consider the reduction from the 168 rather than from the 180.

THE COURT: He has had a pretty violent history here. All right. This will be the judgment of the court. The defendant is hereby confined to the custody of the U.S. Bureau of Prisons or its authorized representative for imprisonment for a term of 188 months.

The judgment and commitment order filed on the same day showed that the court sentenced Ruffin to a term of 180 months imprisonment. The accompanying statement of reasons identified the guideline range determined by the district court as 180 to 210

- 3 -

months.  On the same page, two boxes were checked indicating that "[t]he sentence departs from the guideline range upon motion of the government, as a result of defendant's substantial assistance." The sentence of 180 months was, however, the bottom of the guideline range, not a departure below it.

Ruffin argues on appeal that both the sentencing transcript and the written judgment order have internal inconsistencies that make the judgment impermissibly ambiguous. The government argues that the plain error standard of review applies because Ruffin made no objection to the sentence when it was pronounced or to the written judgment.  See United States v. Olano, 507 U.S. 725, 732-37 (1993) (stating plain error test).

The government maintains that the 180-month sentence set out in the written judgment is not plainly erroneous because it is within the guideline range and further argues that this Court lacks jurisdiction to review the sentencing court's decision not to depart for substantial assistance.  The government asserts that the sentencing transcript is probably in error where it indicates that the orally pronounced sentence was 188 months because the notes taken by the government attorney at the time reflect that the court imposed a sentence of 180 months.  The government further asserts that the notation in the written judgment order showing that the court departed for substantial assistance is a clerical error.

- 4 -

Ruffin invokes the principle that criminal sentences must "reveal with fair certainty the intent of the court," United States v. Daugherty, 269 U.S. 360, 361 (1926), and argues that the sentence imposed in his case fails this basic test. A sentence that contains internal contradictions which make it subject to multiple interpretations is ambiguous and requires resentencing if the court's intent cannot be discerned. United States. v. Moss, 614 F.2d 171, 174-75 (8th Cir. 1980).

Generally, when there is a conflict between the orally pronounced sentence and the written judgment, the oral sentence controls. Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962). Here, however, the government questions the accuracy of the oral sentence apparently imposed (188 months), which was inconsistent with the court's initial stated intention to impose a sentence at the bottom of the guideline range (180 months). When the sentence is ambiguous because of inconsistency in the oral pronouncement, the appellate court "will look to the written judgment as evidence of the sentencing court's intent." United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003). However, the written judgment is also inconsistent because it indicates that the court departed below the guideline range for substantial assistance while the sentence imposed is within the guideline range.

Rather than leave the sentence open to question, we conclude that "it is in the interest of judicial economy and fairness to all concerned parties [to] remand for clarification of the sentence," United States v. Patrick Petroleum Corp., 703 F.2d 94, 98 (5th Cir. 1982), and to permit the court to issue a new judgment order which is internally consistent and also consistent with the orally pronounced sentence.

We therefore vacate the sentence imposed by the district court and remand for resentencing so that the district court may clarify its prior intent and issue a corrected judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED