## DAVIS v. ANDERSON, Warden.

(Circuit Court of Appeals, Eighth Circuit. January 11, 1921.)

No. 5512.

1. **Criminal law** ⟜1216(2)—**Sentence held to permit imprisonment for but one year.**

Under a sentence "that defendant be imprisoned * * * for five years, said indictment containing five counts and sentenced to one year on each count, sentence to run concurrent on all counts," defendant *held* entitled to discharge after serving one year, although the warrant of commitment was for five years and described the sentences as running successively.

2. **Habeas corpus** ⟜109—**Prisoner may be returned for correction of sentence.**

It is only when a sentence is wholly without authority of law, when there was a valid conviction, that a court may in a proceeding of habeas corpus refuse to discharge a prisoner and return him to the court in which he was convicted for resentence in conformity with law.

---

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Kansas.

Habeas corpus by Joseph Davis against August V. Anderson, Warden. From a judgment refusing the writ petitioner appeals. Reversed.

Lee Bond, of Leavenworth, Kan., for appellant.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan. (Fred Robertson, U. S. Atty., of Kansas City, Kan., on the brief), for appellee.

Before SANBORN and STONE, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. The appellee was indicted in the District Court of the United States for the Western District of Wisconsin for violations of sections 189, 190 and 194 of the Penal Code (Comp. St. §§ 10359, 10360, 10364). There were five counts in the indictment, all arising out of the same act.

In the first count it is charged that the appellant feloniously did tear, cut and injure a certain mail bag designed for the use of conveying letters, with intention to feloniously remove and steal.

In the second count appellant is charged with feloniously stealing and purloining the bag.

In the third count it is charged that the appellant did convey away, to the hindrance and detriment of the public service, the mail pouch or bag.

In the fourth count it is charged that appellant did take, steal and abstract a letter from the mail, describing the letter, and that he did then and there unlawfully and feloniously secrete and embezzle the letter, which letter contained $600.

In the fifth count appellant is charged with unlawfully stealing the letter from the mail bag, describing the same letter, as described in count 4.

All of these acts are charged to have been done at the same time and place.

[1] Upon a plea of guilty the following judgment was entered:

"This day came the defendant before the court and came the United States attorney, and said defendant did give the court to understand and be informed that he desired to withdraw his plea of not guilty, and to enter a plea of guilty. Leave therefor being granted, said defendant withdrew his plea of not guilty and did enter a plea of guilty in manner and form as charged in said indictment. On like motion it is ordered by the court that defendant be imprisoned in the United States penitentiary at Leavenworth, Kansas, for five years. Said indictment containing five counts and sentenced to one year on each count, sentence to run concurrent on all counts. Commitment issued and delivered to marshal."

The commitment under which the petitioner was held was as follows:

"United States of America, Western District of Wisconsin—ss.:
"The President of the United States of America, to the Marshal of the Western District of Wisconsin and to the Warden of the United States Penitentiary, Leavenworth, Kansas:

"Whereas, Joe Davis, alias Joe Feeney, has been, by the District Court of the United States for the Western District of Wisconsin, convicted of the offense of stealing mail pouch and taking letter therefrom, in violation of sections 189 and 190, Penal Code, and has been sentenced by said court to imprisonment for five years in the United States penitentiary at Leavenworth, Kansas. Indictment containing five counts, and sentenced to one year on each count. Sentence to run successively for the period of five years in all. Sentence to commence at 12 o'clock noon to-day.

"You, the said marshal, are hereby commanded forthwith to deliver into the custody of the said United States penitentiary, Leavenworth, Kan., the body of Joe Davis, alias Joe Feeney, and you, the said warden of the United States penitentiary, Leavenworth, Kansas, are hereby required to receive the said Joe Davis, alias Joe Feeney, into your custody, in the said United States penitentiary, Leavenworth, Kansas, and him there safely keep, until the expiration of said term of imprisonment, or until he shall be otherwise discharged according to law.

"Witness the Honorable Arthur L. Sanborn, Judge of the District Court of the United States for the Western District of Wisconsin, at the city of Madison, in said district, this 28th day of December in the year of our Lord one thousand nine hundred and seventeen and of the Independence of the United States the one hundred and forty-second."

The petitioner, after having served a year in prison, applied for a writ of habeas corpus. The court entered a judgment that the petitioner be discharged on April 6, 1919, unless prior thereto he be removed to the Western district of Wisconsin there to be resentenced.

On behalf of appellant it is claimed that the offense of stealing a mail pouch as denounced by section 194 of the Penal Code could not be divided into five separate offenses, as was done in this cause, and therefore he should have been released unconditionally. In view of the conclusions reached by us, we do not deem it necessary to pass on that question. But see Morgan v. Devine, 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1153; and Braden v. United States, 270 Fed. 441, decided by this court, December 14, 1920.

The court, so far as appears from the judgment, although sentencing him to five years' imprisonment, amplified the sentence by adding:

"Said indictment containing five counts, and sentenced to one year on each count, sentence to run *concurrent* on all counts."

But the clerk, in preparing the commitment, erroneously made it read:

"Indictment containing five counts, and sentenced to one year on each count. Sentence to run *successively* for the period of five years in all."

As the authority for the imprisonment of one charged with the commission of a crime is the judgment of the court, and not the commitment, which is only the evidence of the judgment, the judgment record controls. While the judgment is for imprisonment for five years, it states in specific terms that it is "for one year on each count to *run concurrent on all counts.*"

In none of the sections charged in the indictment is there a minimum punishment; the court therefore had the power to impose a sentence of one year on each of the counts, and make them run concurrently. Omitting that part of the judgment ordering appellant's imprisonment for five years, the sentence imposed could not exceed

one year. In a cause involving a man's liberty, all presumptions are in his favor.

[2] If the judgment was erroneously entered by the clerk, it could have been corrected by a nunc pro tunc 'order, after the expiration of the term, and even without notice. In re Wight, 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865. It is only when the sentence is wholly without authority of law, when there was a valid conviction, a court may, in a proceeding of habeas corpus, refuse to discharge him, and return him to the court in which he was convicted for resentence in conformity with law.

In the instant case there was a valid judgment of imprisonment for one year, which has never been corrected by a proceeding authorized by law, and, having served one year, he was entitled to his discharge.

For the error in refusing to discharge him, the judgment is reversed.