10 N.J. Super. 374 (1950)
76 A.2d 304
IN THE MATTER OF THE APPLICATION OF MICHAEL M. DE LUCCIA FOR WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Mercer County Court Law Division.
Decided October 27, 1950.
*377 Mr. Purvis Brearley, for the petitioner.
Mr. Richard J. Congleton, County Prosecutor of Essex County, by Mr. C. William Caruso, Assistant Prosecutor, for the State.
HUGHES, J.C.C.
On the representation that he is illegally confined in the New Jersey State Prison, petitioner De Luccia was granted a writ of habeas corpus under the authority of R.S. 2:82-1 et seq. In the petition for the writ, as amended, it is alleged that petitioner has been imprisoned since February 12, 1948, under sentences imposed upon him in the former Essex County Court of Quarter Sessions on February 11, 1948; that such sentences have been served; and that he is entitled to immediate release. The State filed its return, claiming justification of its detention of petitioner under certain commitments allegedly based on such sentences.
On the return of the writ, testimony was taken and stipulations entered of record, resulting in the development of the following issue:
On January 15, 1948, the Essex County Grand Jury returned four bills of indictment, assigned Docket Numbers 427 to 430, inclusive, charging petitioner with separate offenses of larceny and receiving, in violation of the statute. On January 26, 1948, petitioner entered pleas of non vult to each of such indictments. On February 11, 1948, he appeared before the court for sentence and after the sentencing judge had reprimanded him for his conduct, which, of course, was *378 not part of the formal sentence, the court imposed sentence in the following words:  "I sentence you to New Jersey State prison for a period of 1 to 3 years." The petitioner then addressed the court as follows:  "Is that on each count, your Honor?" The court rejoined:  "Yes, on each count." (It is stipulated that by the word "count" in this colloquy, both judge and prisoner were referring to the indictments mentioned.) The petitioner was then removed from the courtroom and later transferred to the New Jersey State Prison to commence service of his sentences.
The clerk of the court in due course entered in his minutes, as to Indictment No. 427, the following:

"February 11, 1948 The Court Ordered and adjudged that the said
 defendant, Michael DeLuccia, be imprisoned in
 the State Prison of this State for a minimum
 term of one (1) year, and for a maximum term
 of three (3) years, at hard labor upon this conviction
 without costs."

As to Indictment No. 428, the clerk entered in the minutes the following:

"February 11, 1948 The Court Ordered and adjudged that the said
 defendant, Michael DeLuccia, be imprisoned in
 the State Prison of this State for a minimum
 term of one (1) year, and for a maximum term
 of three (3) years, at hard labor upon this conviction
 without costs.
 This sentence to commence on and after the expiration
 of a previous sentence imposed upon this
 defendant on conviction No. 427 December Term
 1947."

Similar entries were made as to the sentences imposed on Indictments Nos. 429 and 430, indicating that each should commence on the expiration of the former, the effect of these endorsements amounting to a recordation that the four sentences were to run consecutively and not concurrently. Commitments were issued in due course, indicating the same consecutive, or cumulative, nature of the sentences imposed.
*379 The petitioner now contends that these sentences were imposed to run concurrently because the court did not specify in its imposition of same that they were to run consecutively. There was no stenographic record of the language used by the judge in imposing these sentences, but the testimony of the petitioner as to the words spoken is persuasive in view of his introduction into evidence of certain correspondence had with the sentencing judge, including a letter from such judge written on September 1, 1949, in response to petitioner's query as to the nature of the sentences imposed, that "I have long had a definite understanding with the clerk of my Court that when it is not expressly stated that sentences are concurrent they are deemed to be consecutive. * * *" Such letter further stated in substance that there had been no mistake made by the clerk in recording the sentences and that same were in accordance with the intention of the judge. The State did not controvert this description of the sequence of events, and its accuracy will, therefore, be regarded as settled.
The petitioner having been received in State Prison on February 12, 1948, and being entitled (as stipulated in open court) to the allowance of a total of at least 228 days commutation time for good conduct, to which prisoners of his classification uniformly are entitled under the provisions of R.S. 30:4-140, it is obvious that he has served, in legal effect, a maximum of three years. If, therefore, the sentences imposed were to be served concurrently, he has completed service thereof and ought to be released. If they were to be served consecutively, he is not presently entitled to be discharged.
The State argues that it was the intention of the sentencing judge to impose sentences to be served consecutively and points to the letter quoted, as evidence of such intent, and further advances the clerk's minutes and the commitments based thereon as conclusive evidence of the nature of the sentences imposed. The petitioner contends, however, that the intention of the judge in imposing sentence may not be gleaned from a letter written so long after the event, nor *380 from an instruction to the clerk of the court issued so long before the event. The State argues, too, that petitioner at no time misunderstood the real intention of the judge, and while he contends otherwise I would, if necessary, be inclined to find as a fact that his present denial of this realization is untrue. As I view the matter, however, neither the petitioner's knowledge nor his good faith in denying it, are in issue. I think that the nature of the sentences imposed constitutes an abstract legal problem, not affected by the mental attitude of the petitioner.
It was, of course, within the power of the court in the instant case to direct that sentences be served consecutively, for at common law a court exercising criminal jurisdiction was empowered inherently to punish distinct violations of the law with separate and cumulative penalties. 15 Am. Jur., Crim. Law, § 470; State v. Mahaney, 73 N.J.L. 53; United States v. Daugherty, 269 U.S. 360, 70 L.Ed. 309.
The sole question here, however, is whether consecutive sentences were, in fact, imposed. The general rule is that where sentences for separate offenses charged in several indictments, or in several counts of the same indictment, are imposed at the same time, they will be construed to run concurrently and the prisoner will be discharged at the expiration of the longest term, unless the sentences expressly state otherwise, or unless for other reasons not present in the instant case (as that the imprisonment is ordered to be in different places, or where the court is not empowered by law to provide for concurrent service thereof), it clearly appears that the court intended that the sentences should run consecutively and not concurrently. United States v. Patterson, Keeper, &c., 29 Fed. 775 (Cir. Ct. D.N.J.); Puccinelli v. United States, 5 F.2d 6 (C.C.A. 9); 15 Am. Jur., Crim. Law, § 465.
The language of the sentence should be given its ordinary legal meaning, and should so be construed as to give effect, if possible, to the intention of the judge who imposed it; but where the language of the sentence is too ambiguous *381 to be otherwise construed, it will be construed as providing that the sentences shall run concurrently. Fredericks v. Snook, Warden, &c., 8 F.2d 966 (C.C.A. 5). And where the judgment fails to so state, no presumption will be indulged in favor of the nature of the sentences as being cumulative rather than concurrent. Lockhart v. State, 29 Tex. App. 35, 13 S.W. 1012; Davis v. Anderson, Warden, &c., 270 Fed. 767 (C.C.A. 8). In case of conflict between the judgment and the mittimus, or commitment, the latter, being the mere act of the clerk, does not control the judgment; on the contrary, it is the judgment of the court which is the true source of the right of the keeper of the State Prison to detain the prisoner. Davis v. Anderson, supra; State v. Mahaney, supra; Boyd v. Archer, 42 F.2d 43 (C.C.A. 9).
If a judge pronouncing sentence were to fix the same at five years, for instance, and a clerk, by inadvertence, were to record nine years, and after service of five years all of this were to be established in a habeas corpus proceeding, it may not be doubted that the prisoner would be entitled to be discharged. Thus the sentence, not necessarily in its technical aspects, but in its essence, comprises the words spoken by the judge and not the clerk's minutes recording the same, nor the commitment based thereon, and if the minutes or the commitment are in variance with the sentence as so pronounced, i.e., stated verbally by the judge, the pronouncement of sentence controls and is the true source of authority for the imprisonment.
In this case, however, the minutes entered by the clerk and the commitments based thereon, designating the sentences as imposed to run consecutively, were not set down in error, but apparently in fulfillment of a former direction of the court. This direction by the court, or "understanding" between the judge and the clerk, was one of long standing and of general application and obviously not made or entered into with respect to the particular sentences imposed upon this petitioner. As such, I think it reflected not so much a present resolution as to the action to be taken on the instant sentences, *382 as it did a general intent, perhaps formulated years ago and communicated then to the clerk, to apply to all sentences, except where otherwise stipulated. I do not believe this sort of intent may aid the construction of these sentences as consecutive in nature. Although it is not suggested in the instant case, it is certainly possible that such an intent could be abandoned by the judge over the years, or such an understanding be forgotten by the judge, without the knowledge of the court clerk of such change of intent.
It has been suggested to this record that such direction by the court, or the "understanding" referred to above, was, in effect, a "standing rule, publicly announced," in effect for some years in the criminal courts presided over by such judge, that unless sentences "were definitely stated to be concurrent, they were to run consecutively." There is, of course, no doubt that such a rule, publicly announced and uniformly made effective in such court, would import much greater stability than a mere direction to, or understanding with, the clerk. Nevertheless, without presuming to enter into a discussion of the rule-making power of a single judge presiding in the former Court of Quarter Sessions, and conceding solely for the purpose of argument that such power may have existed in matters of procedural nature, I have the most serious doubts as to the validity of a rule such as this which would superimpose, so to speak, a blanket formula upon the individual imposition of each specific sentence.
While rigid exactitude beyond the point of reasonableness or necessity is not required, there must be precision, formality and individuation in the pronouncement of sentences in criminal cases in order to accord with ordinary concepts of justice. It is well settled that a sentence must be certain, definite and consistent in all its terms and not ambiguous, and not be open to any serious misapprehensions by those who must execute it. 70 A.L.R. 1511 (n). It is this rule which underlies the principle that unless several sentences imposed by the court at the same time clearly express their consecutive character, they must be regarded as imposed to *383 run concurrently. It seems to me beyond dispute that a prisoner appearing in open court to hear his sentences must be informed in the pronouncement thereof, with reasonable clarity, of the nature of such sentences, at least as to whether they are to be served consecutively or concurrently, and this without reference to a separate formula. In the instant case, whatever the petitioner's understanding may have been, and whatever the judge's mental attitude may have been, the words of the judge, "Yes, on each count," applied equally to sentences which would be imposed to run concurrently, as they would have applied to sentences intended to run consecutively, for there is individuation in the service of concurrent sentences (United States v. Patterson, supra), and the passage of the years as a unit, nevertheless fulfills the service of the concurrent terms separately.
Correction of the sentences to accord with the alleged intention of the court is now impossible, for with the service thereof the power of the court over the sentences has been exhausted. These sentences were not illegal, but valid, and they have been served. State v. Weeks, 5 N.J. Super. 505; State v. Kowalczyk, 3 N.J. 231; Puccinelli v. United States, supra; Davis v. Anderson, supra.
Accordingly, I determine that the sentences imposed were to run concurrently, that all have been served, and that the petitioner is improperly detained by the Keeper of the State Prison.
Let the petitioner be discharged.