29 N.J. Super. 309 (1954)
102 A.2d 647
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT WILLIAMS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered January 4, 1954.
Decided January 25, 1954.
*311 Before Judges JAYNE, CLAPP and FRANCIS.
Mr. Frederick T. Law, Hudson County Prosecutor, and Mr. Frank J.V. Gimino, Assistant Prosecutor, attorneys for respondent.
Mr. Robert Williams, appellant, pro se.
The opinion of the court was delivered by FRANCIS, J.A.D.
The Hudson County grand jury returned 21 indictments against appellant Robert Williams, some charging the crime of false pretenses, others charging larceny. Williams, who was represented by counsel of his own selection, pleaded guilty to all of them. Thereafter, on sentence day, the stenographic transcript of the proceedings shows that the court imposed the following sentences:
(1) Indictment 442  false pretenses  2-3 years New Jersey State Prison;
(2) Indictment 453  false pretenses  2-3 years New Jersey State Prison;
(3) Indictment 1205  grand larceny  4-5 years New Jersey State Prison;
(4) Indictment 1206  grand larceny  4-5 years New Jersey State Prison;
(5) Indictment 1209  grand larceny  4-5 years New Jersey State Prison.
*312 At this point the court said:
"The above sentences are to run consecutively."
Then on indictments 1203, 1204, 1207, 1208, 1226, 232, 306, 307, 308, 360, 361, 391, 392, 393, 394 and 395, all charging false pretenses: 2-3 years New Jersey State Prison on each indictment and these sentences were
"To run concurrently with each other and concurrently with the consecutive sentences heretofore imposed upon you."
These pronouncements are perfectly clear and understandable and constituted a direction that the first five sentences be served consecutively in the order in which they were imposed. Boyd v. Archer, 42 F.2d 43, 70 A.L.R. 1515 (C.C.A. 9 1930).
R.R. 3:7-10(d) of the rules of criminal practice provides:
"A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. * * * The judgment shall be signed by the judge and entered by the clerk."
Pursuant to this rule, the judgments when signed by the judge and entered appear as follows:
(1) Indictment 442  2-3 years New Jersey State Prison "to run consecutively with sentences imposed on 453, 1205, 1206, 1209."
(2) Indictment 453  2-3 years New Jersey State Prison "to run consecutively with sentences imposed on 442, 1205, 1206, 1209."
(3) Indictment 1205  4-5 years New Jersey State Prison "to run consecutively with sentence imposed on 442."
(4) Indictment 1206  4-5 years New Jersey State Prison "to run consecutively with sentence imposed on 442."
(5) Indictment 1209  4-5 years New Jersey State Prison "to run consecutively with sentence imposed on 442."
The judgments entered on the concurrent sentences need not be set forth as they are not under criticism in this proceeding.
Appellant instituted an action, which was treated in the trial court as one of habeas corpus (although it partakes also *313 of the nature of a motion to correct an illegal sentence, R.R. 3:7-15(a)), in which he attacked the judgments as ambiguous and not informative as to the terms which were to be served. At the trial level the dismissal thereof was predicated upon the definite and precise sentence pronouncements as they appear in the stenographic transcript. This appeal followed.
Examination of the judgments as entered over the signature of the court leads inescapably to the conclusion that they are about as ambiguous as the oral sentence statements are clear and definite. To illustrate: The judgments entered on indictments 1205, 1206 and 1209 require each sentence to be served "consecutively with" the sentence imposed on indictment 442. To accomplish this, the sentences on 1205, 1206 and 1209 would have to be served concurrently with each other. But this result is clearly inconsistent with the sentences as pronounced orally.
Further, an over-all appraisal of the sentences, according to the judgment record, provokes the thought that under 442 a term of two to three years was imposed and that all of the other terms would run concurrently with each other but consecutive to 442. This again is inconsistent with the oral direction which was made in the prisoner's presence.
All sentences are required to be certain, definite, consistent in all their terms, unambiguous and not open to any serious misapprehensions by those who execute them or by those who serve them. Annotation, 70 A.L.R. 1511. The United States Supreme Court has said that trial judges should use "meticulously precise language in all judgment entries" and particularly when imposing sentences for crimes. United States v. Daugherty, 269 U.S. 360, 364, 46 S.Ct. 156, 70 L.Ed. 309 (1926); In re Sabongy, 18 N.J. Super. 334, 346, 347, and cases cited (Cty. Ct. 1952).
Accordingly, the general rule is that where several sentences are imposed at the same time on different indictments, they will be construed as running concurrently in the absence of specific unambiguous directions that they shall be cumulative. 70 A.L.R. 1512.
*314 Patently the sentences in this case as portrayed by the judgment records are ambiguous, and ordinarily such ambiguity must be resolved in favor of the prisoner. However, a most unusual situation exists here arising from the clarity of the sentences as pronounced and the ambiguity of them as recorded. Our fundamental duty is to seek the intention of the trial judge in the light of the controlling principles alluded to and to accomplish justice between the prisoner and the state.
The ambiguous character of the sentences viewed in their totality evokes these queries: Did the clerk make an error in preparing the judgment record for the judge's signature? Did the court overlook the manner in which the judgments were drawn when he signed them? Or did the court intentionally direct that they be prepared and recorded in that fashion? Did he intentionally adopt them as prepared?
In meeting the requirements of R.R. 3:7-10(d), it is the practice in various counties for the clerk assigned to the particular court to make up the judgment record and present it to the judge for signature. Assuming that to be the practice in the county in question, it may be that the difficulty in interpreting the judgment records arises from an error of the clerk and an inadvertence on the part of the court. See R.R. 3:7-14.
The questions posed cannot be resolved on the record before us and therefore in our judgment the matter should be remanded for a full hearing in the trial court on all of them and for such corrections, if any, as are required in the interest of justice. Cf. R.R. 3:7-13; Gibbs v. State, 45 N.J.L. 379, 389 (Sup. Ct. 1883), affirmed 46 N.J.L. 353 (E. & A. 1884); 24 C.J.S., Criminal Law, §§ 1603, 1604; Hickman v. Fenton, 120 Neb. 66, 231 N.W. 510, 70 A.L.R. 819, 821 (Sup. Ct. 1930). Of course, if the judgments as signed represent the intention of the trial court at the time of their execution, they should not be disturbed.
At the close of the hearing, at which Williams is entitled to be present and represented by counsel, a new determination *315 should be made on this aspect of the case, which on the remand resolves itself into a proceeding under R.R. 3:7-14.
It should be noted that the function of habeas corpus is to secure the immediate release of a prisoner. These sentences were imposed on February 16, 1951, and resolving the ambiguities most favorably to him, he would not now be entitled to release because the resulting sentences have not been served. Jablonowski v. State, 29 N.J. Super. 109 (App. Div. 1953); Manda v. State, 28 N.J. Super. 259 (App. Div. 1953); In re Robilotto, 24 N.J. Super. 209 (App. Div. 1953).
Several other issues are raised by Williams which are in the category of alleged trial errors. These were remediable, if in fact errors, by appeal; they cannot be considered in habeas corpus proceedings. In re Robilotto, supra. Specifically, an attack is made upon the validity of the indictments. This cannot be done. In re Davis, 107 N.J. Eq. 160 (Ch. 1930). The same holds true as to the charge that the attorney who represented him improperly advised the entry of pleas of guilty. In re Caruso, 10 N.J. 184, 190 (1952).
It is noted in passing that the appendix does not contain an order of the trial court dismissing the proceeding. Preparation and filing of such an order is the duty of the prosecutor.
The dismissal is reversed and the action is remanded for hearing in accordance with the views expressed herein.