31 N.J. Super. 535 (1954)
107 A.2d 507
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES DENTO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted July 19, 1954.
Decided August 3, 1954.
*536 Before Judges CLAPP, BURTON and ARTASERSE.
Mr. Leon Gerofsky, County Prosecutor of Somerset County by Mr. William E. Ozzard, Assistant Prosecutor, for respondent.
Mr. James Dento, appellant, pro se.
The opinion of the court was delivered by ARTASERSE, J.S.C. (temporarily assigned).
Defendant, James Dento, now confined in State Prison, appeals from an order of the Somerset County Court clarifying the language of the sentence imposed upon him. This case comes before *537 us a second time. A chronological recital of the events relative to the defendant's confinement in State Prison is, therefore, appropriate.
On January 8, 1947, Dento was sentenced by the Essex Court of Quarter Sessions on three charges of breaking, entering and larceny. He was given a state prison sentence of not less than six, nor more than seven, years on each charge, the sentences to run consecutively. On June 24, 1947, he was brought from State Prison before the Somerset Court of Quarter Sessions, where he was represented by counsel of his own choice and pleaded guilty to indictment No. 5930, in which he was charged with breaking and entering with intent to steal, and also pleaded guilty to indictment No. 5930A in which he was charged with breaking, entering and larceny. Thereafter, and on the same day, he was sentenced by the Somerset Court of Quarter Sessions on each indictment. The transcript of the proceedings on sentence on the foregoing two indictments reveals that before sentence was imposed the defendant's attorney stated to the court: "The defendant has before him 18 to 21 years in State Prison. * * * I also ask that the sentence be entered concurrently." Dento himself told the court: "I have 18 to 20 years to do now." The court then stated: "* * * The sentence of the court is that you serve a term of not less than five years nor more than seven years in State Prison on each of the indictments, and that each term shall run concurrently, but shall run consecutively with the term you are now serving." The minutes of the clerk of the Somerset Court of Quarter Sessions relative to the sentence imposed on indictment No. 5930, records it as follows: "The court directs that the defendant, James Dento, be committed to the New Jersey State Prison for a term of not less than five years and not more than seven years. This sentence to run consecutively with sentence imposed by another County under the terms of which the defendant is now confined."; and relative to the sentence on indictment No. 5930A, records it as follows: "The court directs that the defendant, James Dento, be committed to the New Jersey State Prison for a *538 term of not less than 5 years and not more than 7 years. The court further directs that this sentence shall run concurrently with sentence on indictment No. 5930." At the time of the imposition of these sentences, it was not required that a judgment of conviction setting forth, among other things, the sentence imposed should be signed by the Judge and entered by the clerk as is now required by R.R. 3:7-10(d).
On May 25, 1953, the defendant filed a petition with the Somerset County Court, wherein he recited that the admission and record clerk at the State Prison had advised petitioner that he must serve his Somerset County sentences after serving the 18 to 21 years under the Essex County sentences; that this was contrary to the sentences imposed by the Somerset Court of Quarter Sessions, and that the latter five to seven year concurrent sentences were to run consecutively with the sentence under the terms of which petitioner was then confined, namely the first of the three Essex sentences. Thus, the prisoner alleged, the Somerset sentences "would expire with the second Essex County sentence." The petition requested the County Court to direct the admission and record clerk to change his record to read that the Somerset five to seven year concurrent sentences run consecutively to the first of the three Essex sentences he was then serving. The County Court treated this petition as one for correction of sentence and held that there was no illegality in the sentence and an order was entered dismissing the petition. Thereupon, an appeal was taken to this court, which affirmed the order of the County Court, by opinion reported in 28 N.J. Super. 21 (App. Div. 1953), and which contains the following observation:
"What Dento obviously seeks to do on this aspect of the case is to anticipate what may possibly happen after his three Essex County sentences have run their course."
This court then suggested in said opinion that:
"In view of Dento's concern with the possible ambiguity in the quoted language used by the Somerset Court of Quarter Sessions in *539 sentencing him, it would seem proper as well as practical for the Prosecutor at this time to move, under R.R. 3:7-14, that the County Court clarify the language of the sentence while the matter is still relatively fresh. Should the Prosecutor fail to do so the Somerset County Court may act on its own motion. Notice should, of course, be given the prisoner."
Pursuant to this suggestion, and on due notice to the defendant, the State, on December 15, 1953, moved before the Somerset County Court, and in the presence of the defendant, to clarify the language of the sentence imposed upon the defendant on June 24, 1947. The minutes of the clerk of said court recite that at the hearing the defendant made an argument in opposition to the motion. The court granted the motion and clarified the language of the sentences on indictments No. 5930 and 5930A, and thereupon an order was entered
"that the judgments of convictions upon the defendant * * *, upon his pleas of guilty to indictments No. 5930 and No. 5930A, be and hereby are clarified as follows: That the sentence under indictment No. 5930 is for a minimum term of 5 years and a maximum term of 7 years to be served in the New Jersey State Prison, to commence at the expiration of the sentences imposed * * * upon indictments Nos. 88, 89 and 90, in the 1946 December Term of the Essex County Quarter Sessions Court, imposed upon said defendant January 8th, 1947; and that the sentence under indictment No. 5930A is for a minimum term of 5 years and a maximum term of 7 years to be served in the New Jersey State Prison, and to run concurrently with the sentence imposed under indictment No. 5930."
Dento now appeals from this order.
It should be noted here that the sentences imposed by the Somerset Court of Quarter Sessions on June 24, 1947, were imposed immediately upon the entry of the pleas of guilty. At that time there was no requirement for a pre-sentence investigation and report as now required by R.R. 3:7-10(b). It appears obvious that the Somerset Court of Quarter Sessions in imposing the sentences had no information before it with respect to the nature or the character of the term which the defendant was then serving, other than what was stated then and there by the defendant and his counsel to *540 the court, all of which is set forth above. What the defendant is really seeking is a literal interpretation of that part of the sentence imposed upon him on June 24, 1947 on indictment No. 5930 in which the court said: "that each term shall run concurrently, but shall run consecutively with the term you are now serving" or as recorded in the minutes of the clerk of the court, "This sentence to run consecutively with sentence imposed by another County under the terms of which the defendant is now confined," so that the words quoted would result in a ruling that the Somerset sentences should run concurrently with the second Essex sentence.
The substantive issue here is not difficult. Whether or not the Somerset sentence was to run concurrently with the second of the prior Essex sentences or was to run subsequent to all of them is a question of the intent of the sentencing judge. 15 Am. Jur. 123, sec. 465; People v. Ferguson, 410 Ill. 87, 101 N.E.2d 522, 527 (Sup. Ct. 1951). The above references to the transcript and record of proceedings on sentence before the Somerset Court of Quarter Sessions relieves this case of any ambiguity. Twice the court was told that the defendant was serving and had before him from 18 to 21 years. Neither the defendant nor his attorney informed the court that the imprisonment imposed by the Essex Court of Quarter Sessions consisted of three six to seven year sentences to be served consecutively instead of one 18 to 21 years sentence. It is, therefore, very plain that the court meant that the Somerset sentences should be served consecutively to the prior sentence of 18 to 21 years it was apprised defendant had before him. In a recent case in which the facts were strikingly similar to those in the instant case, Montgomery v. U.S., 165 F.2d 196 (C.C.A. 8, 1948), certiorari denied 334 U.S. 834, 68 S.Ct. 1341, 92 L.Ed. 1761, there was a decision adverse to the petitioners. On the usage "consecutively with," rather than "to," see People v. Ferguson, 410 Ill. 87, 101 N.E.2d 522, 525 (Sup. Ct. 1951), supra.
However, Montgomery v. United States, supra, is a decision reached only after a full hearing on the issue in which the defendants were present, represented by counsel and given *541 full opportunity to present evidence as to the intent of the sentencing judge. Indeed the case had been remanded initially for that very purpose. Montgomery v. United States, 134 F.2d 1 (C.C.A. 8, 1943). This is generally sound practice. Cf. State v. Williams, 29 N.J. Super. 309 (App. Div. 1954); Downey v. United States, 67 App. D.C. 192, 91 F.2d 223, 230 (D.C. App. 1937); People v. Wos, 395 Ill. 172, 69 N.E.2d 858 (Sup. Ct. 1946); but see State v. Harbour, 240 Iowa 705, 37 N.W.2d 290 on page 293 (Sup. Ct. 1949) where the court stated that its rule upon this proposition is less strict than the Federal rule. There is no doubt or ambiguity in what the Somerset trial judge intended when he sentenced the defendant, and it was clear and understandable at the time by Dento and his attorney. The meaning of the sentence is not seriously uncertain which would require this court to resolve it in favor of liberty. Neither has the defendant made any offer of proof to refute what is plainly obvious to be the trial judge's intention so as to bring this case within the Montgomery rule. Cf. Davis v. United States, 210 F.2d 118 (C.C.A. 8, 1954). A hearing on the issue here, therefore, is unnecessary.
This case is to be sharply differentiated (a) from State v. Williams, 29 N.J. Super. 309 (App. Div. 1954), supra, where the factual ambiguity was caused by an inconsistency between the oral sentence statement by the court and the judgment entered thereon, and (b) from In re De Luccia, 10 N.J. Super. 374 (Mercer Cty. Ct. 1950), where the court in imposing sentence was silent as to concurrent or consecutive terms although the clerk entered consecutive sentences.
The defendant places great reliance upon In re Benton, 10 N.J. Super. 595 (Mercer Cty. Ct. 1950). Although the court used almost the identical language in sentencing defendant as in the Dento case, there was nothing in the record to indicate that the defendant or his attorney had informed the court before sentence what term the defendant Benton was then serving, as was done in the Dento case. Moreover, the case should not be followed as it forbids correction of the terms of sentence where the record as a whole manifestly *542 indicates the intention of the sentencing judge which the defendant does not or cannot refute.
Affirmed.