37 N.J. Super. 414 (1955)
117 A.2d 534
STATE OF NEW JERSEY, PLAINTIFF,
v.
HENRY TOTH, DEFENDANT.
Superior Court of New Jersey, Mercer County Court Law Division.
Decided October 27, 1955.
*415 Mr. Frederick M. English, Assistant Prosecutor of Mercer County, for the State.
Mr. Ernest S. Glickman, for the defendant.
BENNETT, J.C.C.
Henry Toth, applicant for writ of habeas corpus, was sentenced by the magistrate of Princeton Township on three separate charges for 90 days. He was originally confined in the Mercer County Workhouse and afterwards transferred to the Mercer County Jail. Upon expiration of 90 days, application for release was made for the reason that the commitments were not consecutive. On this representation, this court signed an order of release, ex parte. Afterwards, the magistrate demonstrated to the court informally that there was a factual issue involved and at the direction of the court the matter was reopened on formal notice to the Prosecutor of Mercer County and to the magistrate.
A hearing was held October 21, 1955, at which the magistrate testified that at the time of sentence in court he made a verbal pronouncement that they were consecutive. In addition, there was offered in evidence a card containing an *416 unsigned, typewritten statement to the effect that "these sentences are to operate consecutively." The magistrate identified the card as being typed by his clerk and forwarded to the warden of the Mercer County Workhouse at the time of transfer from there to the county jail. He was unable to establish a prior origin. The clerk was not called as a witness, and there is no record of anything signed by the magistrate other than the three commitments.
The general rule is that where several sentences are imposed at the same time on different charges, they will be construed as running concurrently in the absence of specific, unambiguous directions that they shall be cumulative. State v. Williams, 29 N.J. Super. 309 (App. Div. 1954). It is the verbal pronouncement at the time of sentence which controls and where there is a conflict between the judgment and the commitment or mittimus, naturally, the judgment controls rather than the account of the clerk. In re Sabongy, 18 N.J. Super. 334 (Cty. Ct. 1952); In re De Luccia, 10 N.J. Super. 374 (Cty. Ct. 1950). In our present practice in the County Court, the verbal pronouncement of the sentencing judge is a matter of record, and, of course, all questions with respect to a claimed conflict between verbal pronouncement and record of commitment prepared by the clerk can be resolved with finality. While we have established through the testimony of the magistrate his intentions and his claim that the word of art "consecutive" was verbally pronounced at the time of sentence, there is a conflict between the spoken word and the record signed by him. The origin of the card annexed to the three commitments is nebulous, and completely the act of the clerk; consequently, its effect may be excised from consideration. That which remains constitutes a discrepancy between the claimed verbal pronouncement and the signed commitment.
The magistrate's written record should carry more probative weight than his recollection of what transpired beforehand, particularly in view of the absence of any other record chargeable to him. In effect, the verbal pronouncement has merged into the written pronouncement. This court *417 recognizes the dominant quality of the verbal pronouncement in appropriate cases but in the situation involved here it is felt that it must yield to the superior quality of the written, signed record of the magistrate. Thus restricted, no impact with the propositions set forth in In re Sabongy and In re De Luccia, supra, is conceived.
The dangers inherent are apparent and may easily be avoided. Accordingly, the ex parte order of release for the reasons enumerated herein is continued.