99 N.J. Super. 97 (1968)
238 A.2d 692
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN JOSEPH HESLIP, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1967.
Decided January 31, 1968.
*98 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. William R. Holzapfel, assigned counsel, argued the cause for appellant.
*99 Mr. Arthur J. Timins, Assistant Prosecutor, argued the cause for respondent (Mr. Michael Diamond, Assistant Prosecutor, on the brief; Mr. Leo Kaplowitz, Union County Prosecutor, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal from the administrative action of the Department of Institutions and Agencies (New Jersey State Prison, Division of Records) which construed a sentence imposed on defendant by the Union County Court to mean that it was to be served consecutive to combined sentences, totaling 8-12 years, previously imposed by the Essex County Court.
On May 8, 1963 defendant was sentenced by the Essex County Court to terms of four to six years in State Prison on each of two accusations for robbery, to be served consecutively. On July 25, 1963, while serving the first of his Essex County sentences, defendant was sentenced by Judge Weidenburner in the Union County Court on an accusation for robbery "for a term of not less than five, nor more than seven years, to run consecutively to the sentence you are presently serving." Thereafter, the State Prison Division of Records notified defendant that the Union County sentence would run consecutive to the combined or aggregated Essex County sentences.
Defendant filed a petition for post-conviction relief with the Superior Court, Law Division, and on August 25, 1966 that court denied the application and transferred the case to the Appellate Division on the ground that the action was an appeal from an administrative agency. R.R. 4:88-8(a). This court remanded the case to Judge Weidenburner with directions that, upon notice to defendant, he should determine and certify whether in imposing the sentence he intended it to be consecutive to both the prior Essex County sentences or only to the first of the two prior sentences. Judge Weidenburner certified that it was his intention "to have such sentence run consecutively to the *100 aggregate sentence composed of both of the prior sentences from Essex County."
Defendant claims that the language used by the Union County judge directing that the sentence be served "to run consecutively to the sentence you are presently serving" is unambiguous; that the literal meaning thereof is that service of the sentence would begin after he completed the first Essex County sentence he was then serving and would run concurrently with the second Essex County sentence. He alleges that the intention of the sentencing judge when sentence was imposed is irrelevant in this proceeding and should not be considered, and that this court improperly remanded the matter to the sentencing judge to ascertain such intention. He contends that to now require him to serve the Union County sentence consecutive to the second Essex County sentence would violate his constitutional guaranty against double jeopardy because it would increase his sentence after he had begun to serve it. Finally, defendant asserts that if the intention of the sentencing judge is relevant, he should have been accorded a special hearing before a judge, who was not a material witness, for the production of evidence and the making of findings of fact and conclusions of law.
We are here concerned with the construction by the State Prison Division of Records as to the order or sequence in which the Union County sentence is to be served. Where a sentence by its terms is ambiguous with respect to the time and manner in which it is to be served it is illegal and hence correctible at any time. Scarponi v. United States, 313 F.2d 950, 953 (10 Cir. 1963).
The issue of whether or not the Union County sentence was to be served consecutively to the first of the Essex County sentences and concurrently with the second is a question of the intent of the sentencing judge. State v. Dento, 31 N.J. Super. 535, 540 (App. Div. 1954), certiorari denied 351 U.S. 941, 76 S.Ct. 839, 100 L.Ed. 1467 (1956). In ascertaining such intention we are not *101 limited to the literal interpretation of the words used by the judge in imposing sentence  we may properly use all means at our disposal including, but not limited to, a review of the transcript of the sentence hearing. See State v. Dento, supra; Scarponi v. United States supra; Bius v. United States, 286 F.2d 652 (10 Cir. 1961); Smith v. Wilkinson, 275 F.2d 251 (5 Cir. 1960); Ong v. Hunter, 196 F.2d 256 (10 Cir. 1952).
The record reveals that in his plea for leniency when defendant was before the Union County Court for sentence, defendant's attorney told the court,
"As your Honor knows from the record before him, this man has a bad record.

* * * * * * * *
As your Honor knows, he is presently in State Prison under an eight to twelve year sentence for a similar matter and there is also awaiting another matter in Middlesex County." (Emphasis ours)
Before pronouncement of the sentence the judge pointed out that defendant had a very long record, having been in practically every penal institution in this State. Referring to the crime of armed robbery to which defendant had pleaded guilty, the judge expressed the opinion that defendant would have used the weapon with which he was armed if the necessity had arisen; that defendant was a poor risk and there was nothing in his background that would indicate there was any chance for improvement  that the interest of society would be best served by continuing defendant in custody.
The statements by the sentencing judge indicate no intention to be lenient in the imposition of sentence by permitting defendant to serve his term concurrently with the Essex County sentences. Quite to the contrary, the judge indicated a need for a further custodial sentence for the defendant.
There can be no question but that defendant understood that the sentence was to be served consecutively to the Essex County sentences. As noted, his attorney in the plea for *102 leniency referred to the prior sentences as an aggregate sentence of 8-12 years.
Moreover, Judge Weidenburner's certification, following the remand, that his intention had been to impose a sentence to be served consecutive to both Essex County sentences, is conclusive. We are cited to no authority which precludes a remand by this court for clarification by the sentencing judge of the time and manner in which a sentence should be served.
Defendant's argument that his constitutional guarantee against double jeopardy would be violated if he is required to serve the Union County sentence consecutively is without merit. Double jeopardy is a bar to correction proceedings only when the sentence as pronounced is clear on its face, admits no tolerance for interpretation, and defendant has already commenced service of the sentence appealed from. That is not the situation here.
Our order remanding this case to the sentencing judge to ascertain his intentions when he pronounced sentence provided that such determination be made on notice to the defendant. It contemplated that a hearing would be held and that the determination would not be made ex parte. Montgomery v. United States, 134 F.2d 1 (8 Cir. 1943). However, at oral argument defendant conceded that if we now directed that such a hearing be held, he would have no evidence to present to change the determination made by the sentencing judge. We are satisfied that such a procedure would be fruitless.
The administrative action of the State Prison Division of Records is affirmed.