**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0331-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GREGORY DAVIS, a/k/a
ZAKEE MOHAMMAD,

    Defendant-Appellant.

_____

Submitted June 19, 2018 – Decided September 27, 2018

Before Judges Nugent and Accurso.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 87-06-0668.

Joseph E. Krakora, Public Defender, attorney for appellant (Janet A. Allegro, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

On July 14, 2014, defendant, Gregory Davis, filed a pro se petition for post-conviction relief (PCR), challenging two sentences imposed twenty-four years earlier — in May 1990 — for the third-degree crimes of burglary and theft. A Law Division judge denied defendant's PCR petition, finding that it was untimely and lacking in merit. Defendant appeals and argues the following points:

POINT I    THE PCR COURT ERRED AS A MATTER OF LAW IN NOT STRICTLY ADHERING TO THE EXACT LANGUAGE OF THE SENTENCING COURT INDICATED IN THE TRANSCRIPT, OR IN THE ALTERNATIVE, REMANDING THE MATTER FOR A FULL EVIDENTIARY HEARING ON THE ISSUE OF THE SENTENCING COURT'S INTENT.

POINT II   THE COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE EFFECTIVE LEGAL REPRESENTATION.

POINT III  THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL, IN PART, ON PROCEDURAL GROUNDS PURSUANT TO R. 3:22-12(a).

Finding no error in the Law Division judge's decision, we affirm.

A-0331-16T4

This is the relevant procedural background. In June 1987, a Union County grand jury charged defendant in a three-count indictment with three third-degree crimes: receiving stolen property, burglary, and theft. In March 1990, a jury acquitted him of receiving stolen property but convicted him of burglary and theft.

The court sentenced defendant on May 25, 1990. When defendant was sentenced, he was serving two fifteen-year to life terms in New York for the attempted murders of two New York police officers. State v. Davis, No. A-5483-89 (Jan. 15, 1993) (slip op. at 3). In addition, three weeks before his sentencing on the Union County burglary and theft charges, a Law Division judge had sentenced him to serve an extended term of five years without parole on one count of fourth-degree aggravated assault, a crime he committed in New Jersey before his arrest in New York. Id. (slip op. at 1-2). The judge ordered defendant to serve the five-year extended term for aggravated assault consecutively to the sentences he was serving in New York. Id. (slip op. at 2). Thus, when defendant came before the court for sentencing on the Union County burglary and theft charges, he was serving the New York sentences and had been sentenced but had not begun to serve the New Jersey sentence on the aggravated assault charge.

During defendant's sentencing on the Union County burglary and theft offenses, the court sentenced defendant to concurrent extended ten-year terms with five years of parole ineligibility on each. In addition, the court stated: "these sentences to run consecutively to the sentences you are presently serving" (emphasis added).[1] In the judgment of conviction entered the same day, the court ordered the concurrent sentences on the burglary and theft counts to run "consecutively to the sentence defendant is presently serving, as well as others since imposed (emphasis added)."

In his PCR petition, defendant argued that the additional words in the judgment of conviction, "as well as others since imposed," were not orally pronounced by the judge during the sentencing proceeding but were added to the judgment of conviction after the sentencing proceeding and were not contemplated at the time of sentencing. Defendant contended the additional

---

[1] On appeal, we affirmed defendant's convictions as well as the sentence on the burglary count. However, because N.J.S.A. 2C:44-5(a)(3) permitted the imposition of only one extended term, a point the State conceded, we vacated the extended term imposed on the theft count, exercised our original jurisdiction, and imposed a term of five years with two and one-half years of parole ineligibility. State v. Davis, No. A-6651-89 (Oct. 22, 1991) (slip op. at 2-3). More recently, on March 31, 2017, we granted defendant's motion for a remand for resentencing in accordance with State v. Bull, 227 N.J. 555 (Jan. 23, 2017) and State v. Hudson, 209 N.J. 513, 517 (2012) (prohibiting imposition of a second extended-term sentence for an offense committed prior to the imposition of the first extended-term sentence).

words increased his sentence in violation of his right to due process. He argued that both his trial and appellate counsel were ineffective for failing to raise the sentencing issue, and that he was entitled to an evidentiary hearing.

The trial court denied defendant relief. Noting a PCR petition must be filed within five years after the entry of the judgment of conviction, R. 3:22-12(a)(1), and finding neither excusable neglect nor a reasonable probability that enforcement of the time-bar would result in a fundamental injustice, R. 3:22-12(a)(1), the trial court concluded defendant's PCR petition was time-barred. The court rejected defendant's assertion of excusable neglect based on his ignorance of the right to post-conviction relief and his claim he could not access New Jersey jurisprudence while serving a sentence in New York. The court pointed out that defendant had appealed his conviction and sentence. The court also concluded ignorance of the law did not constitute excusable neglect.

Notwithstanding its conclusion defendant's PCR petition was time-barred, the court addressed defendant's arguments. The court found "crystal clear" that the sentencing judge intended the sentences on the burglary and theft counts to run consecutive to both defendant's New York sentence and to the New Jersey sentence for aggravated assault. The court also found that the words spoken by the sentencing judge at defendant's sentencing proceeding were not inconsistent,

5

but were in fact consistent, with the words that appear in the judgment of conviction. The court explained that while an oral opinion "normally controls over an inconsistent JOC," there was no inconsistency.

The court also found it significant the JOC was entered on the same day as the sentencing. The court repeated the Law Division judge's pronouncement during the sentencing proceeding was consistent, unambiguous, and "reflect[ive of] the judge's clear intent that defendant serve the sentence she had imposed consecutively to the sentence defendant was already serving, that being in New York for attempted murder, and the sentence imposed three weeks earlier." The court rejected defendant's ineffective-assistance claims and denied his PCR petition.

Having considered defendant's arguments in light of the record and controlling legal principles, we conclude they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2). Defendant's PCR petition was filed well beyond the five-year deadline for first PCR petitions, and we agree with the trial court that defendant failed to demonstrate either excusable neglect or a reasonable probability that enforcement of the time bar would result in a fundamental injustice.

Moreover, we, like the trial court, reject defendant's contention that his sentence, now twice amended, is illegal. Rather, the question is the intention of the sentencing judge. "In ascertaining such intention we are not limited to the literal interpretation of the words used by the judge in imposing sentence – we may properly use all means at our disposal including, but not limited to, a review of the transcript of the sentence hearing." State v. Heslip, 99 N.J. Super. 97, 100 (App. Div. 1968). Here, the court's comments during the sentencing proceeding, as well as the court's execution of the JOC on the same date, establish the sentencing judge intended to impose on the burglary and theft convictions sentences that would run consecutive to both defendant's New York sentence and his sentence for the aggravated assault he committed in New Jersey. Consequently, we affirm the judgment of conviction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0331-16T4